IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERTO MARTINEZ, §<br>    #02067337, §<br>        PLAINTIFF, §<br> §<br>v. §<br> §<br>OFFICER RESENDIZ, ET AL., §<br>        DEFENDANTS. § | CIVIL CASE NO. 3:19-CV-280-G-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management, including making findings and a recommended disposition. The Court granted Plaintiff Roberto Martinez's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I.    BACKGROUND**

On February 4, 2019, Plaintiff Roberto Martinez, a state prisoner, filed his *pro se* complaint against Dallas County Sheriff Detective Resendiz and Parole Officer Willis, alleging civil rights violations under 42 U.S.C. § 1983. Doc. 3 at 4. The complaint is inartfully pled and difficult to decipher. Martinez alleges violations of his rights under the Fourth, Fifth, and Fourteenth Amendments, stemming from his arrest on August 22, 2017, the ensuing prosecution, and his conviction for failure to comply with sex offender registration requirements. Doc. 3 at 4-

5; *State v. Martinez*, No. F17-18761-K (Crim. Dist. Court No. 4, Dallas Cty., Dec. 19, 2017).[1] He claims false arrest and malicious prosecution, arguing that he was purposefully "assigned fugitive status" and that an arrest warrant was subsequently issued. Doc. 3 at 5, 15; Doc. 10 at 2. He also avers that both Resendiz and Willis presented perjured testimony at his December 19, 2017 trial. Doc. 3 at 15, 17. Martinez asserts that "Resendiz deliberately misleadingly made false statements of noncompliance with conditions of release," with Willis acting as a "direct accomplice," and that, as a result, "there was no evidence presented" to support his conviction. Doc. 3 at 15, 17. Martinez requests that the Court grant "redress of grievances," damages, attorney's fees and court costs. Doc. 3 at 5.

In his *Answers to Magistrate Judge's Questionnaire*, Martinez reiterates that Resendiz "selfish[ly], recklessly, negligent[ly] assumed parole official jurisdiction, called [Martinez's] landlord and disapproved [his address]…, used evidence in an unfair manner ad assigned [him] fugitive status, initiated criminal proceeding[s]… disregard[ed] the procedural due process requirement [of the U.S. Constitution]… [and] told the court that [Martinez] was not in compliance with conditions of release." Doc. 10 at 2. Furthermore, he contends that Willis "committed perjury" at trial. Doc. 10 at 3.

---

[1] Martinez has a duty to register as a sex offender arising from two prior convictions received under the name Roberto Arnoldo Barrientos. *See State v. Martinez*, No. F11-13303-W (363rd Jud. Dist. Court, Dallas Cty., Apr. 24, 2012), *aff'd*, No. 05-12-00648-CR, 2013 WL 3227658 (Tex. App.—Dallas June 24, 2013); *State v. Martinez*, No. F14-00302-J (Crim. Dist. No. 3, Dallas Cty., Sep. 17, 2014), *aff'd,* No. 05-14-01238-CR, 2015 WL 6750812 (Tex. App.—Dallas Nov. 4, 2015, pet. ref'd).

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Martinez's claims are frivolous.

Martinez seeks monetary damages and declaratory relief for his false arrest, malicious prosecution, and subsequent conviction in Case No. F17-18761-K. However, while Martinez alleges a multitude of wrongdoings by Defendants and others in connection with his arrest, detention, and criminal conviction, the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars any challenge to Martinez's state conviction under 42 U.S.C. § 1983. In *Heck*, the United States Supreme Court unequivocally held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-487 (footnote omitted). Without the threshold showing, a claim for damages "would necessarily imply the invalidity of [the prisoner's] conviction" in the criminal proceeding, thus, is simply "not cognizable under § 1983." *Heck*, 512 U.S. at 487. The *Heck* doctrine also applies to claims for declaratory and injunctive relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, a ruling in Martinez's favor on the claims pled "would necessarily imply the invalidity of his conviction" in Case No. F17-18761-K. *Heck*, 512 U.S. at 487. "[F]alse-arrest and malicious-prosecution claims challenge the existence of probable cause and, thus, by their essence are [also] collateral attacks on a criminal judgment's validity." *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012) (per curiam) (citing *Wells v. Bonner,* 45 F.3d 90, 94-96 (5th Cir. 1995). Consequently, they "run afoul of *Heck's* 'policy of finality'" just like a Section 1983 claim directly challenging Martinez's underlying conviction. *Cormier,* 493 F. App'x at 583 (quoting *Connors v. Graves,* 538 F.3d 373, 377-78 (5th Cir. 2008)); *Ducksworth v. Rook*, 647 F. App'x 383, 386-87 (5th Cir. 2016) (per curiam) (applying *Heck* to bar the plaintiff's claim for false arrest for crimes for which he was ultimately convicted "because his convictions necessarily imply that there was probable cause for his arrest").

Martinez concedes that no court has reversed or invalidated his 2017 conviction, Doc. 10 at 5; thus, his false imprisonment and malicious prosecution claims as well as the claims challenging his 2017 conviction—sufficiency of the evidence, perjury, and purported Fifth and

Fourteenth Amendment violations—are clearly barred by *Heck*.[2] As such, Martinez's claims lack any basis in law and should be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous).

In addition, Martinez and Willis are absolutely immune from claims arising from testimony given at any trial or adversarial proceeding. *See Moffett v. Bryant*, 751 F.3d 323, 326 (5th Cir. 2014) (quoting *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) ("[A] trial witness has absolute immunity with respect to *any* claim based on the witness' testimony."); *see also Propes v. Wolf*, 178 F. App'x 388, 389 (5th Cir. 2006) (per curiam) (citing *Enlow v. Tishomingo County, Miss.*, 962 F.2d 501, 511 (5th Cir. 1992)) (holding police officers are absolutely immune from liability for their allegedly perjurious testimony).

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009) ("leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'"). For the reasons outlined herein, Martinez's claims are fatally infirm. In addition, the Court has already given Martinez the opportunity to supplement his complaint by his *Answers to Magistrate Judge's Questionnaire*. Thus, the Court concludes he has already pled his best case and granting leave to amend would be futile and cause needless delay.

---

[2] Unless an authorized tribunal or executive body has overturned or otherwise invalidated Plaintiff's convictions, his claims are "not cognizable under [section] 1983." *Heck*, 512 U.S. at 487.

## IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[3]

**SO RECOMMENDED**.

September 12, 2019.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[3] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."